

**FILED**

FEB 0 6 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JUSTIN KING,<br><br>Petitioner,<br><br>vs.<br><br>TOM GREEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-177-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATE MAGISTRATE JUDGE |

This case is before the Court on Petitioner Justin King's application for writ of habeas corpus under 28 U.S.C. § 2254. King is a state prisoner proceeding pro se.

King challenges a May 1, 2014, judgment of conviction for Assault with a Weapon imposed following a jury trial in the Fourth Judicial District, Missoula County, for which King received a fifteen-year prison sentence. (Doc. 1 at 2-3). He asserts five claims. On January 17, 2018, King was ordered to show cause as to why claims two through five should not be dismissed as procedurally defaulted. (Doc. 5). King timely responded. (Doc. 6).

I.  **Analysis**

As set forth below, King cannot overcome the deference due to the Montana Supreme Court on his first claim. King's remaining four claims are procedurally

1

defaulted without excuse. Accordingly, King's petition should be dismissed with prejudice.

### i. Claim 1

In his first claim, King asserts the trial court abused its discretion when it provided the jury with contradictory instructions relative to the affirmative defense of justifiable use of force. (Doc. 1 at 4). This is the same claim King raised on direct appeal to the Montana Supreme Court. *See State v. King*, 2016 MT 323, 385 Mont. 483, 385 P. 3d 561. There, King argued the instruction dealing with self-defense and a subsequent instruction regarding one's duty to retreat were contradictory and inconsistent.

In addressing the merits of King's claim, the Montana Supreme Court affirmed the trial court, holding that the instructions were not conflicting, but rather were properly given based upon the conflicting evidence presented during trial. *King*, 2016 MT 323 at ¶11. The Court noted Instruction 23 addressed a person's duty to retreat when one was not the initial aggressor, whereas Instruction 25(a) addressed a duty to retreat when one was the initial aggressor and provoked the use of force against himself. *Id.* at ¶12. Due to the conflicting testimony trial testimony, the lower court had a duty to provide both instructions and allow the jury to decide which factual account was credible; to do otherwise would have improperly invaded the province of the jury. *Id.*

2

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to King's petition because it was filed after 1996. AEDPA substantially limits the power of federal courts to grant habeas relief to state prisoners. *Hurles v. Ryan*, 725 F. 3d 768, 777 (9th Cir. 2014). The Supreme Court has made clear that AEDPA imposes a "highly deferential" standard of review that "demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)(per curiam)(internal citation omitted).

Under AEDPA, a federal court may not grant a prisoner's petition on a claim that was decided on the merits in state court, unless the state court's adjudication of the claim:

1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 89 (2011).

" '[C]learly established Federal law'... is the governing legal principle or principles set forth by the Supreme Court [in its holdings] at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-71 (2003). A state court's decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

3

Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court's factual findings are unreasonable if "reasonable minds reviewing the record" could not agree with them. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015)(citations omitted). "For relief to be granted, a state court merits ruling must be so lacking in justification that there was an error…beyond any possibility for fairminded disagreement." *Bemore v. Chappell*, 788 F. 3d 1151, 1160 (9th Cir. 2015).

King does not explain what he finds objectionable about the Montana Supreme Court's resolution of the merits of this claim. It is unclear whether he believes the decision involved an unreasonable application of federal law under 28 U.S.C. §2254(d)(1) or if the decision was based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. §2254(d)(2). Unless King satisfies either subsection (1) or (2) under AEDPA, this Court is required to give deference to the state court's adjudication. *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007); *Frantz v. Hazey*, 533 F. 3d 724, 737 (9th Cir. 2008). Because King cannot demonstrate that the Montana Supreme Court's resolution of his claim was unreasonable under either 28 U.S.C. §2254(d)(1) or (d)(2), this Court is precluded from granting King relief.

Claim 1 should be denied for lack of merit, because it does not survive deferential review.

### ii.     Claims 2-5

King failed to fairly present and exhaust the remaining claims before the Montana Supreme Court. King was directed to show cause as to why these claims should not be dismissed with prejudice as procedurally defaulted and was instructed as to how he might be able to make such a showing. (Doc. 5 at 5). In response to this Court's Order, King provided a copy of a March 7, 2016, letter he received from Lisa Korchinski, his appellate attorney. (Doc. 6 at 1). King also provided a two page guideline prepared by the Montana Appellate Defender's Office, outlining general procedures for pursuing state and federal collateral remedies. *Id.* at 2-3. The Court presumes this document was enclosed with the letter King received from Korchinski. Aside from these documents, King provided no additional response or explanation.

It appears that Korchinski's letter was sent in response to inquiries King made on February 15, 2016, regarding potential claims for direct appeal. *See* (Doc. 6 at 1). The timing of the letter coincides with the timeframe following the filing of King's opening brief on direct appeal.[1] The letter from Korchinski advises King

---

[1] *See State v. King*, DA 14-0641, Appellant's Opening Br. (filed February 2, 2016). See, Montana Supreme Court Docket, available at: https://supremecourtdocket.mt.gov/search/case (accessed February 5, 2018).

5

she does not believe a potentially meritorious claim of prosecutorial misconduct exists in King's case. *Id.* The letter goes on to say that she also does not believe trial counsel provided King ineffective assistance by failing to object during the prosecution's closing argument, but if King wished to make such a claim, it would have to be raised in a petition for postconviction relief. *Id.* The guidelines attached to the letter generally explain the state and federal avenues for collateral review following direct appeal, including postconviction proceedings, and also states that the Office of the Appellate Defender cannot assist individuals in the pursuit of the collateral remedies. *Id.* at 2-3.

The Court is aware that King filed a postconviction petition with the trial court. (Doc. 1 at 3). In his petition, King's explanation for his failure to appeal the denial of the postconviction petition was, "I don't understand what this means." *Id.* at 4, ¶11. Taking this statement together with the documents King filed in response to the Order to Show Cause, the Court believes King may be attempting to argue that he was never instructed that he needed to appeal the denial of the postconviction petition prior to proceeding in this Court. This is, however, just the Court's best guess, because King has provided no additional information to supplement the documents.

King may overcome his procedural default if he is able to make "an adequate showing of cause and prejudice" relating to his failure to exhaust his state

6

court remedies. *Strickler v. Green*, 527, U.S. 263, 282 (1999). To make such a showing, King needs to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In order to establish cause for a default, King must demonstrate that the default is due to an external factor that "cannot fairly be attributed to him." *Id.*, 501 U.S. at 753. The "prejudice" prong is met if King can show that each error he alleges- was serious enough to undermine confidence in the outcome of the proceedings. *Smith v. Baldwin*, 510 F. 3d 1127, 1148 (9th Cir. 2007)(en banc). King has not met either prong.

As to cause, King seems to allege that he was not provided adequate advice from the Appellate Defender's Office that he had to pursue an appeal in the event his postconviction petition was denied. But any advice, or lack thereof, from counsel pertaining to procedural issues surrounding his postconviction petition does not constitute an objective factor external to King which prevented him from raising his claims in state court. *See Cook v. Schriro*, 538 F. 3d 1000, 1027 (9th Cir. 2008). King was able to file his postconviction petition pro se. The Appellate Defender's Office did not represent King during his postconviction proceedings in any capacity. Thus, any reliance King may have placed upon the 2016 letter from Korchinski or upon the general guidelines from the Appellate Defender's Office when he filed his postconviction petition in 2017, and then failed to appeal to the

Montana Supreme Court, cannot be fairly attributed to either Korchinski or to the Appellate Defender's Office.

As an initial matter, it does not appear Korchinski or the Appellate Defender's Office erred in the advice contained in the letter or in the general guidelines provided to King. But, even if King were to establish that there was error, it has long been the rule that attorney error is an objective external factor providing cause for excusing procedural default only if that error amounted to a deprivation of the constitutional right to counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). But, the Constitution does not guarantee the right to counsel in postconviction proceedings. *See Murray v. Giarratano*, 492 U.S. 1 (1989). Thus, even if King could demonstrate that the Appellate Defender's Office provided him erroneous advice and that he detrimentally relied upon it, he still cannot demonstrate such reliance effectively deprived him of his right to counsel, because no such constitutional right existed at that point in time.

King's response fails to demonstrate adequate cause to excuse the default and wholly fails to address prejudice. Accordingly, the default of Claims 2, 3, 4, and 5 cannot be excused.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

King has not made a substantial showing that he was deprived of a constitutional right. He failed to make the requisite showing that the Montana Supreme Court erred in its merits resolution of Claim 1. Accordingly, this Court must give deference under AEDPA to the state court ruling. Further, because King failed to present his remaining claims to the Montana Supreme Court, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. King's petition (Doc. 1) should be DISMISSED WITH PREJUDICE as lacking in merit and procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. King may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. King must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 6th day of February, 2018.

/s/ Jeremiah C. Lynch  
Jeremiah C. Lynch  
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since King is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.