FILED
MAY 2 2 2018
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JUSTIN KING,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>TOM GREEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　　　Defendants. | CV 17–177–M–DLC–JCL<br><br>ORDER |

　　　　United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on February 6, 2018, recommending to dismiss Petitioner Justin King's ("King") Petition for a Writ of Habeas Corpus (Doc. 1), under 28 U.S.C. § 2254. (Doc. 7.) Judge Lynch recommended that King's petition be dismissed because King cannot overcome the deference due to the Montana Supreme Court on his first claim. (Doc. 7 at 1–2.) Judge Lynch further recommended that King's remaining claims be dismissed with prejudice as procedurally defaulted. (Doc. 7 at 1.)

　　　　King timely objected to the Findings and Recommendations, and is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. §

-1-

636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## I. Claim I

Judge Lynch recommended dismissing King's claim that the trial court abused its discretion by providing contradictory instructions regarding the affirmative defense of justifiable use of force. This claim was presented to the Montana Supreme Court which affirmed upon finding that the trial court did not abuse its discretion because the conflicting evidence presented at trial warranted both instructions. *State v. King*, 385 P.3d 561 (Mont. 2016).

On habeas review, this Court applies the deferential standard imposed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and may not reverse a state court decision unless the state's adjudication on the merits (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

Judge Lynch found that King had not alleged any facts or argument as to why he met either standard. King did not raise any objection to this finding. Accordingly, the Court reviews for clear error. L.R. 72.3(a); *see also McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Finding none, the Court adopts the recommendation that AEDPA deference applies and thus King's claim will be dismissed with prejudice as lacking merit.

## II. Claims II–V

In claims II to V King alleged that (1) trial counsel was ineffective; (2) the prosecution presented false evidence; (3) appellate counsel provided ineffective assistance; and (4) he was unjustly denied postconviction counsel. (Doc. 1.)

"[B]efore a federal court may consider the merits of [King's] petition for a writ of habeas corpus, [King] generally must first exhaust his available state court remedies." 28 U.S.C. § 2254(b); *Smith v. Baldwin*, 510 F.3d 1127, 1137–38 (9th Cir. 2007) (en banc). Because King did not present these claims to the Montana Supreme Court, (*see* Doc. 5 at 4), they are considered procedurally defaulted and bar this Court's review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). However, King "may overcome procedural default by making 'an adequate showing of cause and prejudice' for his failure to exhaust his state court remedies."

*Smith*, 510 F.3d at 1139 (quoting *Strickler v. Greene*, 527 U.S. 263, 282 (1999)). To make this showing King may "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Id.* at 1146 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Judge Lynch explained how King might show cause and prejudice:

(1) He might show a legitimate excuse for his default, for instance that "some objective factor external to the defense" prevented him from raising his claims in state court. The "prejudice" prong is met if King can show that each error he alleges was serious enough to undermine confidence in the outcome of the proceeding.
(2) He might "show that, in light of all the evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt."

(Doc. 5 (internal citations omitted).)

Judge Lynch provided King an opportunity to show cause why his claims should not be dismissed with prejudice. (Doc. 5 at 5.) In response, King enclosed a letter sent to him from Lisa Korchinski at the Appellate Defender's Office. (Doc. 6). This letter advised King that Korchinski did not believe King had a potentially meritorious claim of prosecutorial misconduct. (*Id.*) Korchinski also stated that she did not believe trial counsel provided King ineffective assistance, but that King could pursue this claim in a petition for postconviction relief. (*Id.*) The letter included a set of instructions for King to obtain collateral review. (*Id.*)

King pursued a postconviction proceeding at the trial court, but did not appeal its denial. (Doc. 7 at 6.) In his petition for postconviction relief in this Court, King explained his failure to appeal to the Montana Supreme Court was because he didn't "understand what [it] means." (Doc. 7 at 6.)

Judge Lynch took King's submission of this letter—along with King's stated confusion—to mean that King claimed he was never instructed that he needed to appeal the denial of the postconviction petition before proceeding to federal court. (Doc. 7 at 6.) Based on this argument, Judge Lynch recommended that King did not meet the standard to set aside a procedural default. (Doc. 7 at 8.)

Specifically, Judge Lynch recommended that King had not demonstrated an objective external factor preventing him from raising his claims in state court, because the Appellate Defender's Office did not represent King during his postconviction proceedings in any capacity. (Doc. 7 at 7.) Judge Lynch went on to note that even if King were able to show reasonable reliance on advice of counsel, an attorney error is only a valid objective external factor if the error amounts to a deprivation of the constitutional right to counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Because there is no right to counsel for a postconviction proceeding, Judge Lynch recommended that King could not show cause. Further, Judge Lynch found that King had not claimed any prejudice. For these reasons, Judge Lynch recommended that King's claims were

procedurally defaulted. (Doc. 7 at 7–8.)

In response, King argued that *State v. Adams*, 54 P.3d 50 (Mont. 2002), provides him a right to counsel, and thus Korchinski's letter deprived him of his constitutional rights to due process under the Fifth and Fourteenth Amendments. Second, King claims that Korchinski's failure to provide adequate assistance is a "prejudice to the public" and that if King had been represented by counsel for his postconviction proceeding "all actions thereafter would have differed." (Doc. 8 at 1–2.) Because King has objected to Judge Lynch's finding and recommendation on this issue, the Court will review de novo.

First, though *State v. Adams* is not binding on this Court, the Court recognizes its general principle that "a postconviction relief procedure is civil in nature and there is no constitutional requirement that counsel be appointed." *Id.* at 54. *Adams* goes on to explain that the decision to grant counsel is discretionary, and a court may appoint counsel where "the interests of justice would be served by assignment." *Id.* However, because the rule is discretionary, there can be no deprivation of a right where there is no entitlement. Both the Ninth Circuit and Supreme Court have addressed this very issue. *See Coleman*, 501 U.S. at 750; *see Smith*, 510 F.3d at 1146–47. *Smith* explained that:

> "In order to establish cause for a procedural default,
> a petitioner must demonstrate that the default is due to an external
> objective factor that 'cannot fairly be attributed to him.'

-6-

> Because '[t]here is no constitutional right to an attorney in state post-conviction proceedings,' attorney ineffectiveness 'in the post-conviction process is not considered cause for the purposes of excusing the procedural default at that stage[.]' As the Supreme Court has established, counsel acts as the petitioner's agent and thus any attorney error in post-conviction proceedings is generally attributable to the petitioner himself."

*Id.* at 1146–47 (internal citations omitted).

Given this clear instruction, the Court concludes that King's claims are procedurally defaulted. King's assertion that Korchinski's denial of representation was a deprivation of a constitutional right is inapposite. The Sixth Amendment right to counsel does not apply at a postconviction proceeding. *See Coleman*, 501 U.S. at 757. Any reliance King may have placed on Korchinski's letter and corresponding failure to appeal does not rise to the level of cause because it cannot be fairly attributed to anyone other than himself. King's additional assertion that his Fifth and Fourteenth Amendment rights were violated by Korchinski's denial of representation is also not well taken. "[T]he Due Process Clause does not expand the right to counsel beyond the boundaries set by the Sixth Amendment." *Turner v. Rogers*, 564 U.S. 431, 454 (2011).

Because King cannot show cause, the Court need not address King's allegations that Korchinski's denial of representation amounts to "prejudice to the public" or King's assertion that if counsel had taken his case it would have turned out differently. Thus, having reviewed de novo, the Court concludes that King

has not met the standard required to overturn a procedural default.

### III. Certificate of Appealability

Judge Lynch recommended that the Court deny a Certificate of Appealability. King objected, stating that Court should grant one. King's objection fails to state any factual or legal basis for his argument, and thus the Court reviews for clear error and finds none. L.R. 72.3(a); *see also McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Accordingly,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 7) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that King's petition (Doc. 1) is DISMISSED WITH PREJUDICE as lacking in merit and procedurally defaulted without excuse.

The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents.

A certificate of Appealability is DENIED.

DATED this 22nd day of May, 2018.

Dana L. Christensen, Chief Judge
United States District Court